IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MOSES GALLISHAW, # 265673,      )
                                )
          Petitioner,           )
                                )
     v.                         )      Civil Action No. 2:15cv409-MHT
                                )                 (WO)
KARLA WALKER JONES, *et al.*,    )
                                )
          Respondents.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Moses Gallishaw ("Gallishaw") on

June 5, 2015.[2]  Gallishaw challenges his 2011 robbery conviction in the Barbour County

Circuit Court.  He presents various claims of trial court error and ineffective assistance of

counsel.  Doc. No. 1 at 17–37.  The respondents argue that Gallishaw's petition is time-

barred by the one-year federal limitation period applicable to § 2254 petitions.  Doc. No.

7. The court agrees and finds the petition should be denied without an evidentiary hearing.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Citations
to exhibits ("Resp'ts Ex.") are to exhibits included with the respondents' answer, Doc. No. 7.  Page
references are to those assigned by CM/ECF.

[2] Although the petition was stamped as received in this court on June 9, 2015, it was signed by
Gallishaw on June, 5, 2015.  Doc. No. 1 at 15.  A *pro se* inmate's petition is deemed filed the date
it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams
v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).  "Absent evidence to the contrary in
the form of prison logs or other records, [this court] must assume that [the instant petition] was
delivered to prison authorities the day [Gallishaw] signed it…." *Washington v. United States*, 243
F.3d 1299, 1301 (11th Cir. 2001).

## II. DISCUSSION

### A.  AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.  State Court Proceedings

On April 13, 2011, a Barbour County jury found Gallishaw guilty of first-degree

robbery.  *See* Rep't's Ex. A at 29.  On June 12, 2011, the trial court sentenced Gallishaw as

a habitual offender to 85 years in prison. *Id*.; Resp'ts Ex B at 1. Gallishaw appealed, and

on April 3, 2012, the Alabama Court of Criminal Appeals affirmed his conviction and

sentence. Resp'ts Ex. B. He applied for rehearing, which was overruled. He then filed a

petition for writ of certiorari with the Alabama Supreme Court, which that court denied on

November 9, 2012. Resp'ts Ex. B-1. On that same date, the court issued its certificate of

judgment. *Id.*

On September 19, 2013, Gallishaw filed a petition in the trial court seeking post-

conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Resp'ts Ex.

A at 28. That petition was denied on November 6, 2013. *Id*. at 35–39. Gallishaw appealed

from that denial, and on June 6, 2014, the Alabama Court of Criminal Appeals affirmed

the trial court's judgment. Resp'ts Ex. A-1. Gallishaw applied for rehearing, which was

overruled. He then filed a petition for writ of certiorari with the Alabama Supreme Court,

which that court denied on August 8, 2014. Resp'ts Ex. A-2. A certificate of judgment

was issued that same date. *Id.*

### C. Application of 28 U.S.C. § 2244(d)

The certificate of judgment in Gallishaw's direct appeal was issued by the Alabama

Supreme Court on November 9, 2012. For purposes of habeas review, the federal

limitation period was tolled for the ensuing 90 days to allow Gallishaw to file a petition for

writ of certiorari in the United States Supreme Court if he chose to do so. *Bond v. Moore*,

309 F.3d 770, 774 (11th Cir. 2002); *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235,

1236-37 (11th Cir. 2004). *See* U.S. Sup. Ct. Rule 13.1 (providing that a petition for a writ

of certiorari in the United States Supreme Court is timely when filed within 90 days after

entry of judgment or denial of discretionary review by the state court of last resort). When that 90-day period expired without his filing in the United States Supreme Court, direct review concluded and his conviction became final under 28 U.S.C. § 2244(d)(1)(A). *Bond*, 309 F.3d at 774. As such, the one-year limitation period for him to file a § 2254 petition commenced on February 7, 2013 (i.e., 90 days after November 9, 2012). Absent any statutory or equitable tolling, Gallishaw had until February 7, 2014, to file a § 2254 petition considered timely.

### D. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation ...." 28 U.S.C. § 2244(d)(2); *McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009). Gallishaw filed his state Rule 32 petition on September 19, 2013. Under § 2244(d)(2), that filing tolled the federal limitation period for filing a § 2254 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). When the Rule 32 petition was filed, the limitation period for filing a § 2254 petition had run for 224 days (i.e., from February 7, 2013, to September 19, 2013), leaving Gallishaw 141 days (365 days minus 224 days) within which to file a § 2254 petition once the federal habeas clock began to run again.

The federal limitation period remained tolled until August 8, 2014, when a certificate of judgment was entered in Gallishaw's Rule 32 proceedings. The limitation

period ran unabated thereafter, before expiring 143 days later, on December 29, 2014.[3]

Gallishaw filed this § 2254 petition on June 5, 2015—158 days after expiration of the limitation period in § 2244(d).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Gallishaw such that AEDPA's limitation period commenced on some date later than February 7, 2013, or (counting tolling under §2244(d)(2)) expired on some date later than December 29, 2014. There is no evidence that any unconstitutional or illegal State action impeded Gallishaw from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Gallishaw presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

### E.   *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). As the Supreme Court has reaffirmed, a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[3] The court adds an additional two days for the limitation period to run, because 141 days after August 8, 2014, fell on December 27, 2014, a Saturday.

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Sec'y Dep't of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Gallishaw, however, presents no grounds for applying equitable tolling in his case.

Because Gallishaw did not file his § 2254 petition within AEDPA's limitation period, his petition is time-barred under § 2244(d).[4]

## F.    *Actual Innocence*

In the body of his § 2254 petition, Gallishaw makes assertions construable as presenting a claim of actual innocence. *See* Doc. No. 1 at 19–20. Demonstrated actual innocence may trump a time-bar in habeas proceedings and act as a gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Wyzykowski v. Dep't. of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000). Habeas petitioners asserting actual innocence

---

[4] In an order entered on July 2, 2105 (Doc. No. 9), this court afforded Gallishaw an opportunity to show cause why his petition should not be denied as time-barred. In his response to that order, Gallishaw seems to argue that his § 2254 petition is timely because he filed it within one year after the state court proceedings on his Rule 32 petition concluded with the Alabama Supreme Court's issuance of a certificate of judgment on August 8, 2014. Doc. No. 10 at 2–5. However, when the Rule 32 proceedings concluded, 224 days on AEDPA's federal clock had already run, leaving Gallishaw 141 days—not 365 days, as he argues—within which to file his § 2254 petition. He did not file his petition within those 141 days. The filing of a Rule 32 petition in state court does not reset the one-year federal clock at zero; rather, it tolls the federal clock until the Rule 32 proceedings conclude, at which time the federal clock starts again with however much time is left on the federal clock.

as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Gallishaw's assertions of actual innocence do not meet this demanding standard. His claim is predicated on allegations that the testimony of certain witnesses at trial was inconsistent with prior statements these witnesses made. However, these bare allegations by Gallishaw are inadequate to demonstrate that the witnesses testified falsely, much less that he was factually innocent of the crime of which he was convicted. Moreover, Gallishaw's allegations about inconsistencies in the witnesses' trial testimony and prior statements do not constitute new evidence. Instead, they amount to re-argument of facts available at the time of trial.

Gallishaw is not entitled to the actual-innocence exception to the habeas statute's time-bar. Consequently, his claims are not subject to further review

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before May 10, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 26th day of April, 2017.

 /s/  Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE